MEMORANDUM ***
Natalia Kocheleva petitions for review of the order by the Board of Immigration Appeals (“BIA”) summarily affirming the Immigration Judge’s (“IJ”) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We review the BIA’s findings of fact for substantial evidence and consider such findings “conclusive unless any reasonable adjudicator would be compelled to conclude the 'contrary.” 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
Kocheleva sought asylum based on her contention that she was persecuted for being Jewish in Russia. Although we do not find substantial evidence to support all of the reasons given by the IJ for finding Kocheleva not credible, one reason that goes to the heart of Kocheleva’s claim is supported by the record. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001).
Kocheleva testified she was attacked on account of her Jewish ethnicity and that she feared she would be killed if she returned to Russia, yet she voluntarily returned twice after going to Greece and Spain. Kocheleva provided no legitimate *666 reason for her repeated returns to Russia. The IJ was entitled to find Kocheleva not credible when she voluntarily returned to her home country without providing a legitimate reason for doing so. See Belayneh v. INS, 213 F.3d 488, 491 (9th Cir.2000). Given the IJ’s adverse credibility determination, substantial evidence supports the IJ’s determination that Kochele-va failed to establish eligibility for asylum.
Because Kocheleva failed to establish a likelihood of persecution for asylum, she also failed to qualify for withholding of removal. See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir.2004). Because the torture claim is based on the same allegations that supported the asylum claim, the adverse credibility determination also applies to Kocheleva’s claim for relief under CAT, and that claim therefore fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003).
Finally, Kocheleva’s claim that the IJ was biased is not supported by the record. Nor was it error for the IJ to require corroborating evidence in the form of an original birth certificate. See Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir.2000).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.